UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

12388 STARKEY ROAD LLC,
a Texas limited liability company,

    Plaintiff,

vs.                                            Case No.: _____

GULF TILE DISTRIBUTORS OF FLORIDA, INC.
a Florida corporation

    Defendants.
_____/

## COMPLAINT

Plaintiff 12388 Starkey Road LLC ("Landlord"), by and through its undersigned counsel, files its Complaint against Defendant Gulf Tile Distributors of Florida, Inc. ("Tenant"), and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for breach of a commercial lease.

2. Landlord is a Texas limited liability company. Its members are also Texas limited liability companies. The members of those companies are all individuals and citizens of Texas.

3. Tenant is a Florida corporation with its principal place of business in Florida.

4. The amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees, and the parties are diverse. Accordingly, this Court possesses jurisdiction pursuant to 28 U.S.C. § 1332.

5. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1) & (2) because Tenant resides in this district and a substantial part of the events or omissions giving rise to Landlord's claims occurred in this district.

## FACTUAL BACKGROUND

6. On August 24, 2022, the parties entered into a lease (the "Lease") for 12388 Starkey Road, Largo, Florida 33773 (the "Property").

7. Landlord is the owner of the Property. Tenant leased the Property from Landlord pursuant to the Lease. A true and correct copy of the Lease is attached hereto as **Exhibit A**. The Lease term commenced on September 1, 2022, and was intended to run until November 30, 2027. The Lease defined "Lease Year" as consecutive 12-month periods during the Lease term.

8. Pursuant to Section 4(a) of the Lease, Tenant was obligated to remit a rental payment of $24,563.16 to Landlord on the first day of each month during the current Lease Year (the "Rent").

9. The obligation for Tenant to pay Rent and additional amounts due to Landlord under the Lease was payable without demand pursuant to Section 4 of the Lease.

10. Tenant failed to pay the Rent on April 1, 2024, thereby defaulting on and breaching the Lease. Landlord reminded Tenant of its obligation to pay the Rent, but Tenant failed to do so.

11. Under Section 17(d) of the Lease, all Rents not paid when due are subject to interest accrual at the rate of twelve percent (12%) per annum from the date each such amount was due until paid. Further, Landlord is entitled to recover its reasonable attorneys' fees incurred in collecting any Rent owed by Tenant.

12. Pursuant to Section 17 of the Lease, Landlord provided Tenant with a Notice of Default on April 30, 2024. A true and correct copy of the Notice of Default is attached hereto as **Exhibit B**. The delivery of the Notice of Default began a ten (10) period within which Tenant could have remedied its default.

13. Tenant then failed to timely pay May Rent.

14. On May 7, 2024, Landlord sent Tenant a Demand Letter, requesting that Tenant pay the overdue April and May Rent with interest as well as Landlord's attorneys' fees incurred when preparing the Notice of Default. Tenant failed to respond to the Demand Letter and pay the overdue April and May Rent.

15. Instead, Tenant removed all of its possessions and abandoned the Property.

16. Accordingly, on May 13, 2024, Landlord sent Tenant another letter. In that letter Landlord terminated the Lease, effective May 13, 2024. Additionally,

Landlord exercised its right under Section 17(b)(2) of the Lease to accelerate the due date of the remaining Rent payments for the duration of the Lease term, with six percent (6%) increases in the Additional Rent, as defined in the Lease, each Lease Year.

17. Pursuant to Section 17 of the Lease, Landlord is entitled to recover the amounts owed by Tenant.

18. As of the date of this filing, Tenant has failed to remit the accelerated Rent and additional amounts due to Landlord under the Lease, including attorneys' fees and interest.

19. As of the date of this filing, Tenant owes Landlord **$1,010,790.93**, which is due and owing under the terms of the Lease.  Additionally, Tenant is liable to Landlord for Landlord's reimbursement for broker fees and other costs associated with re-leasing the Property

20. Landlord has retained Holland & Knight LLP to represent it in this action and has agreed to pay its counsel reasonable attorneys' fees.  Landlord is entitled to recover those fees from Tenant pursuant to the Section 35 of the Lease.

21. All conditions precedent to the commencement of this action, if any, have been satisfied, discharged, or waived.

## Count I – Breach of Lease

22.  As set forth above, Tenant and Landlord entered into the Lease on August 24, 2022.

23.  The Lease constitutes a valid contract.

24.  Tenant breached the Lease by failing to timely pay Rent and other amounts owed under the Lease.

25.  As a result of this breach, Landlord has suffered damages, that include, without limitation, the unpaid Rent and other amounts owed under the Lease.

26.  As of the date of this filing, Tenant owes Landlord **$1,010,790.93** for unpaid Rent and other amounts owed under the Lease in addition to attorneys' fees and costs and expenses of this lawsuit.

WHEREFORE, Landlord requests that this Court enter a judgment against Tenant for damages, including but not limited to interest, attorneys' fees and costs, Landlord's reimbursement for broker fees, other costs associated with re-leasing the Property, and award such other relief as this Court determines is proper.

Dated: May 17, 2024               Respectfully submitted,

*/s/ Noel Boeke*
Noel R. Boeke
Florida Bar No. 151830
noel.boeke@hklaw.com
Luis E. Balart, Jr.
Florida Bar No. 1045388

luis.balart@hklaw.com
Holland & Knight LLP
100 N. Tampa Street, Suite 4100
Tampa, FL 33602
(813) 227-6525; (813) 229-0134 facsimile
*Attorneys for 12388 Starkey Road LLC*
